UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00087

**Robert Kalka,**
*Plaintiff,*

v.

**Kilolo Kijakazi, Acting Commissioner of Social Security Administration,**
*Defendant.*

# ORDER

Plaintiff filed this civil action pursuant to the Social Security Act, Section 205(g), for judicial review of the Commissioner's denial of her application for Social Security benefits. The case was referred to United States Magistrate Judge John D. Love, who issued a report and recommendation recommending that the decision of the Commissioner be affirmed and that this case be dismissed with prejudice. Doc. 19. Thereafter, on March 15, 2022, plaintiff filed a response objecting to the report and recommendation. Doc. 20.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). The court reviews all unobjected-to portions of the report and recommendation only for clear error or abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Plaintiff objects on the basis that the ALJ's Residual Functional Capacity ("RFC") determination is not supported by substantial evidence. Doc. 20. Specifically, plaintiff claims that the record does not contain "a report from a qualified medical expert establishing the effect of Kalka's medically determinable impairments upon his ability to work." *Id.* at 2. Plaintiff argues that therefore, as in *Ripley*, the record does not contain substantial evidence to support the

1

ALJ's RFC finding. *Id*. Plaintiff also states that since the ALJ did not rely on a medical expert establishing the effect of Kalka's medically determinable impairments upon his ability to work, the ALJ "overreached his authority and tried to exercise an expertise he does not possess." *Id*. at 3. The court finds that *Ripley* supports the magistrate judge's conclusion. In *Ripley*, the Fifth Circuit held that the absence of a medical source statement describing how the claimant's impairment affects his ability to work "does not, in itself, make the record incomplete." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). "In a situation such as the present one, where no medical statement has been provided, our inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Id*. Further, the Fifth Circuit has stated that "[w]e also reject [plaintiff's] argument that because the record was devoid of a residual function capacity (RFC) assessment by a medical source, the ALJ was not competent to assess her RFC. It is the ALJ's responsibility to determine a claimant's RFC, and such an assessment is not a medical opinion." *Joseph-Jack v. Barnhart*, 80 Fed. App'x 317, 318 (5th Cir. 2003).

Plaintiff also argues that plaintiff's testimony does not support the ALJ's RFC finding. Doc. 20 at 2. Plaintiff further states that there are no opinions in the record from a treating physician, testifying physician, or consultive examiner that support the ALJ's RFC finding. *Id*. at 4. To the extent plaintiff argues that the RFC is not supported by substantial evidence, the court disagrees. The ALJ found that plaintiff's mental impairments, described as depression, anxiety, and post-traumatic stress disorder ("PTSD"), are severe impairments. Tr. at 31. The ALJ then incorporated limitations into his RFC calculation to reflect plaintiff's mental impairments but noted that the evidence did not support "the claimant's allegations that his symptoms are as pervasive as to be disabling." *Id*. at 39. In making this determination, the ALJ relied on various medical records. The ALJ cited Nurse Practitioner Lanita Smith's medical report, which stated that plaintiff "engages easily and makes good eye contact," has a normal rate of speech, has a logical thought process, is well-oriented, has good memory, and denies suicidal thoughts. *Id*. at 39, 1666. The ALJ also cited Dr. Mills's medical

2

report, which stated that plaintiff has a high level of intelligence, is on a volunteer fire department, goes out to eat with his wife, was alert and fully engaged, had adequate grooming and hygiene, and had logical and coherent thought processes. *Id*. at 39, 1732–33, 1735–36. Further, the ALJ cited the medical reports of P.A. Moss and Lisa Trawick, F.N.P. *Id*. at 39. Physician Assistant Moss noted that plaintiff had anxiety and prescribed Xanax. *Id*. at 1327, 1341. At a later visit, P.A. Moss noted plaintiff's psychiatric condition as "normal." *Id*. at 1413. Lisa Trawick, F.N.P. noted that plaintiff was experiencing insomnia and psychiatric symptoms; however, for her physical exam of plaintiff, she noted plaintiff as normal. *Id*. at 1576. Thus, plaintiff's statement that there are no opinions in the record from a treating physician is incorrect; the medical opinions support the RFC. Further, the court finds that plaintiff's testimony also supports the RFC. The ALJ noted that plaintiff reported that he cares for his wife, shares in the pet care of 15 dogs, performs personal care, is generally independent, prepares simple meals if necessary, performs household chores such as laundry and cleaning with rest breaks and encouragement, maintains a valid driver's license, drives, shops for groceries and household items, manages the family finances, and uses a cell phone and computer. *Id*. at 40.

A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Homan v. Comm'r of Soc. Sec. Admin.*, 84 F. Supp. 2d 814, 818 (E.D. Tex. 2000). Accordingly, the court "may not reweigh the evidence in the record, nor try the issues *de novo*," and is not allowed to substitute its judgment for the Commissioner's judgment. *Id*. (quoting *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994)). For the reasons stated above, the court finds that the ALJ's RFC determination is supported by substantial evidence and that the ALJ explained why he assigned the particular RFC.

Accordingly, the report and recommendation (Doc. 19) is accepted. Fed. R. Civ. P. 72(b)(3). The decision of the Commissioner is affirmed, and this case is dismissed with prejudice.

*So ordered by the court on March 23, 2022.*

———————————————
J. CAMPBELL BARKER
United States District Judge